

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Taylor Carlisle
Criminal District Attorney
Kaufman County
Kaufman, Texas

Attention:  Mr. Fred V. Meridith

Dear Sir:

Opinion No. 0-5131
Re:  Should the justice of the
peace remit the fines paid
for violation of the 35
mile per hour speed limit?

Your letter of March 9, 1943, requesting the opinion of this department on the above question reads in part as follows:

"Please send me copy of the Attorney General's opinion holding invalid the Highway Department's ruling on the 35 mile an hour speed limit.

"The justices of the Peace in our County are receiving numerous requests for remission of the fines paid for violation of the 35 mile limit. What is the opinion and advice of your department in this connection?"

It is stated in A. L. R., Volume 26, page 1524:

"Ordinarily the question whether one who has paid a fine illegally or improperly imposed upon him can recover back the amount so paid may be said to depend upon certain factors, chief of which is that of voluntary or involuntary payment.  If the payment is made under circumstances which amount to coercion or duress, so that it must be regarded as an involuntary one, the fine may generally be recovered; otherwise not. The cases in which it has been held that the payment was under duress are usually those in which the accused was imprisoned, or was threatened with imprisonment, and payment of the fine

627

was necessary to avoid or secure release from
such imprisonment. Threatened or actual dis-
traint of property may, perhaps, also, -- at
least under some circumstances, -- be regarded
as sufficient to constitute duress. But if the
payment is by way of compromise merely, or is
made only to avoid inconvenience or trouble,
and the accused has other alternatives which
are effective, -- as an appeal, -- the payment
is generally regarded as voluntary and irrecover-
able."

In Bailey v. Paullina, 69 Iowa 463, 25 N. W. 418, it
was held that one who paid a fine under a void ordinance with-
out protest could not recover the money paid. In Harrington
v. New York, 81 N. Y. Supp. 667, it was held that one who
paid a fine imposed by a magistrate who had no jurisdiction
to impose it was not entitled to recover the money paid, when
the payment was voluntary. It is stated in the case of
Houlehan v. Kennebec County, 81 Atl. 449:

"The proposition that a fine illegally im-
posed,but voluntarily paid, under a mistake of
law, cannot be recovered back, is supported by
ample authority."

It is further stated in A. L. R., Volume 26, page
1524:

"It is a well-settled fact that illegal
payments coerced under duress or compulsion may
be recovered, provided the compulsion furnishes
the motive for the payment sought to be recovered,
and proceeds from the person against whom the
action is brought. Where money is paid on com-
pulsion, the law raises an obligation to refund,
and the form of the action is for money had and
received to the plaintiff's use. 21 R. C. L.
p. 145. This rule is supported by a number of
cases in which fines have been illegally or im-
properly imposed and paid by the accused under
circumstances constituting duress, especially
where the payment is to avoid or secure release
from imprisonment for nonpayment of the fine,
it being held that a payment made under these

Honorable Taylor Carlisle, page 3

circumstances is an involuntary one, and that
the fine may be recovered." (Citing numerous
authorities.)

In the case of Harrington v. New York, supra, the
court said "that even where the accused actually under un-
lawful arrest at the time the payment was made, it would
be necessary to allege that the payment was procured by rea-
son of such detention. And the mere allegation that payment
was made because a fine imposed was held not to aver duress
in fact. It was pointed out by one of the judges that fines
had been classified with taxes and licenses in applying the
rule that voluntary payment under a mistake of law cannot
be recovered. . . ."

It was held in the case of Bailey v. Paullina, supra,
that one who had been convicted of violation of the munici-
pal ordinance which was void, but who had paid, without pro-
test, the fine imposed, and had not raised the question of
the validity of the ordinance, could not recover from the
municipality the amount of the fine, and that this was true
even though, at the time it was paid, he was under arrest.
The court stating the question that was presented for its
decision said:

"The facts appearing in the questions are
these: (1) plaintiff's assignee was convicted and
fined upon a void ordinance. (2) Upon his trial
he did not raise any objection based upon the
validity of the ordinance. (3) He paid the fine
and costs without protest. (4) The payment was
made while he was under arrest. It is shown that
the payment was made without protest; which, as we
understand the language, means that it was made by
plaintiff's assignor without objection, or the
denial of the justice of the claim, or assertion
of his own rights. A payment so made is regarded
as voluntary; and, in the absence of fraud, de-
ceit or mistake of fact, the money cannot be re-
covered back. ... It is not claimed that the
defendant in the judgment was induced to make
the payment through fraud, deceit or mistake
of fact. It is, however, insisted that he was
under duress, when he made the payment, by reason

Honorable Taylor Carlisle, page 4

of the fact that he was then under arrest. But
it is not shown by the statement of facts found
in the question, as certified to us, that the
arrest had anything to do with the payment, or
the defendant was constrained or influenced there-
by to make it. It is not shown that, because of
the duress, or the arrest, the defendant made the
payment, nor can such a thing be inferred. We
may readily presume that the defendant paid the
fine and costs because he believed the judgment
against him was valid, and this we are required
to presume, in the absence of any showing of ob-
jection, or if the payment was made under protest."

It has been held that the payment is voluntary, and
therefore irrecoverable, where, at the time of payment of the
fine imposed, the accused has an option to pay the fine or
to appeal, and he chooses to do the former, even though he
subsequently appeals, and the conviction upon review is set
aside. (D'Aloia v. Summit, 97 Atl. 722, affirmed in 99
Atl. 189.) At the time of payment of the fines in this
case, the defendants were under arrest, upon complaint for
violation of the city ordinance, having been sentenced to
pay fine or serve time in jail. No protest was made against
payment of the fine. The court said that the legality of
duress consists in forcing a person to act against his will,
and does not exist where the person on whom it is charged,
it has been exercised as an option or choice as to whether
he will do the thing or perform the act said to have been
done under duress; that in this case there were two forms
of appeal available to the defendant as alternatives to pay-
ing the fines, and that it seemed to be the rule that if
defendants had an alternative to making the payment, they
must be regarded as having been voluntary, and therefore not
recoverable. The proposition that if one upon whom a fine
is imposed by a court having no jurisdiction to try the of-
fense and impose a fine has an alternative to pay the fine
or to appeal, and payment is not essential to avoid threat-
ened imprisonment, a payment with knowledge of the facts will
be deemed voluntary, and the money cannot be recovered.

It is stated in Corpus Juris, Volume 49, page 759:

"Money paid under an unconstitutional or in-
valid statute or ordinance, without any circum-
stances of compulsion is paid under a mistake of

law, and so cannot be recovered, except in so far
as recovery is permitted under the rule adopted
in most states that payments made by public offi-
cers under mistake of law are recoverable."

We have carefully considered Article 952, Vernon's
Annotated Code of Criminal Procedure, in connection with your
request. This statute authorizes the governor to remit fines,
however, we do not think that this statute has any applica-
tion to the question under consideration.

It will be seen from the foregoing authorities that
ordinarily the question whether one who has paid a fine il-
legally or improperly imposed upon him can recover back the
amount so paid may be said to depend upon certain factors,
chief of which is that of voluntary or involuntary payment.
If the payment is made under circumstances which amount to
coercion or duress, so that it must be regarded as an in-
voluntary one, the fine may generally be recovered; other-
wise not.

In view of the foregoing authorities, it is apparent
that no categorical answer can be given to your question. The
general rules above announced should be of some assistance to
you in determining whether or not the fine and cost may be
recovered in a particular case, under all the facts and cir-
cumstances connected therewith.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 19, 1943

By Ardell Williams

Ardell Williams
Assistant

ASSISTANT
ATTORNEY GENERAL

AW:db


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN